CHICAGO—FIRST DISTRICT—DECEMBER, 1914.    169

Fred Miller Brew. Co. v. Jones et al., 190 Ill. App. 169.

## Fred Miller Brewing Company, Appellant, v. George Jones and Jacob Portz, Jr., Appellees.

### Gen. No. 19,920.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1913.    Reversed and remanded.    Opinion filed December 22, 1914.

### Statement of the Case.

A judgment by confession for $1,064.30 against George Jones and Jacob Portz, Jr., in favor of the Fred Miller Brewing Company was entered on a *narr.* and *cognovit*.    Upon motion by both defendants leave was given to plead to the declaration, the judgment to stand as security, whereupon the defendants filed a plea of general issue.    At the trial the jury returned a verdict for the defendants, and judgment being entered the plaintiff appealed.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; EDWARD W. EVERETT and ARTHUR C. MARRIOTT, of counsel.

COBURN & BENTLEY and WILLIAM J. BRYANT, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 333*—*when breach of contract not justified.* Evidence *held* to show a breach of contract under which a brewery loaned two persons a sum of money and certain furniture, it being agreed that such persons should sell only the beer manufactured

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by such brewery, and the breach of such contract was not justified by evidence showing that on two occasions when beer was ordered, someone at the brewery told such persons that they would have to wait for the delivery of their order.

2. EVIDENCE, § 173*—*when evidence of telephone conversation admissible.* Evidence of a telephone conversation with an agent of plaintiff is erroneously admitted where it is not shown who answered the call, that he was known to the witness or recognized as an agent of the plaintiff, or authorized to speak for such plaintiff.

3. PRINCIPAL AND AGENT, § 225*—*who has burden of proving authority of agent.* The burden of proof of authority of an agent is on the party dealing with such agent.

4. PRINCIPAL AND AGENT, § 240*—*when evidence of agent admissible to bind principal.* Evidence of an agent is not admissible to bind his principal where his authority is not shown.

5. WITNESSES, § 209*—*what cross-examination improper.* Where a witness' testimony on direct examination was limited solely to identification of signatures on a judgment note, questions asked on cross-examination as to the witness' duties, were improper.